UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JOHN T. ARTZ,                     )

          Plaintiff,              )

v.                            )      Cause No. 6:17-CV-03352-RK

ARMSTRONG FLOORING, INC.,    )

          Defendant.          )

## JOINT MOTION FOR PROTECTIVE ORDER

COME NOW Plaintiff John T. Artz and Defendant Armstrong Flooring, Inc. and hereby move for entry of the accompanying [Proposed] Protective Order. The parties have stipulated to the protective order to protect information they deem confidential and believe entry of the protective order will expedite discovery, facilitate prompt resolution of disputes over confidentiality, and provide adequate protection of the confidential information of each party.

WHEREFORE, Plaintiff and Defendant respectfully request that the Court enter the Protective Order as proposed.


Respectfully submitted,


*/s/ Kevin J. Dolley*                    */s/ Joseph M. Wientge, Jr.*

Kevin J. Dolley #54132              Joseph M. Wientge, Jr. #57494
kevin@dolleylaw.com               jwientge@littler.com
James Keaney #67173               LITTLER MENDELSON, P.C.
james.keaney@dolleylaw.com       One Metropolitan Square
LAW OFFICES OF KEVIN J. DOLLEY, LLC  211 North Broadway, Suite 1500
2726 S. Brentwood Blvd.            St. Louis, MO 63102
St. Louis, MO 63144               Telephone: 314.659.2000
Telephone: 314.645.4100           Facsimile: 314.659.2099
Facsimile: 314.736.6216

                                   *Attorney for Defendant Armstrong Flooring,*
*Attorneys for Plaintiff John Thomas Artz*  *Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Kevin J. Dolley #54132
kevin@dolleylaw.com
James Keaney #67173
james.keaney@dolleylaw.com
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144

/s/ *Joseph M. Wientge, Jr.*

Firmwide:153218756.1 092785.1005

2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN T. ARTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 6:17-CV-03352-RK |
| ) | |
| ARMSTRONG FLOORING, INC., ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

1.     **Scope.** All documents and materials produced in the course of discovery of this case by the parties and non-parties, including initial disclosures, responses to discovery requests, all deposition testimony, transcripts, and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.

1

2.     **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or non-parties.  For purposes of this Order, the "Confidential Information" shall include all documents which the producing party reasonably believes not to be in the public domain and contains any confidential commercial or customer information or private or personal information.  Information or documents that are available to the public may not be designated as Confidential Information.

3.     **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a designated document as confidential, the designating party thereby certifies that the document contains Confidential Information as defined in this Order.

2

All copies of "Confidential Information" shall be kept under the control of persons(s) described in paragraphs 6(b)(1) through (10) below to whom the same is produced. No information obtained under this Order shall be added to any electronic database for any other purpose other than (a) the manipulation of data for this action; however, all information obtained or derived there from shall be eliminated from the database after manipulation is completed; or (b) the creation of a duplicate electronic image of the documents, subject to the restrictions applicable to photocopies described in this paragraph.

The Court may order documents to be designated as containing Confidential Information on motion of any party or non-party or on its own initiative.

4.      **Inadvertent Failure to Designate.**      Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted, in writing, within sixty (60) days after discovery of the inadvertent failure.

5.      **Depositions**. Deposition testimony without reference to a document previously designated as "Confidential Information" will be deemed "CONFIDENTIAL" if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

Any discussion in a deposition or transcript of a document previously designated as "Confidential Information" shall automatically be considered designated with the same treatment as the underlying document without further designation. Counsel shall notify all parties of any

3

deposition testimony it intends to submit at hearing that was not previously designated at deposition as "CONFIDENTIAL" before it is submitted to the Court

**6.    Protection of Confidential Material.**

**(a)    General Protections.**  Designated Confidential Information may only be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, arbitration, mediation, or any other related legal proceeding brought by one of the parties to this litigation against the other party and may not be used for any competitive, business, or other purpose.

**(b)    Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

(1)    The parties to this litigation, including any employees, agents, and representatives of the parties;

(2)    Counsel for the parties and employees and agents of counsel;

(3)    The Court and Court personnel, including any special master appointed by the court, and members of the jury;

(4)    Court reporters, recorders, and videographers engaged for depositions;

(5)    Any mediator appointed by the Court or jointly selected by the parties;

(6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

(7)    Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying;

4

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

Persons described in paragraphs 6(b)(1), (2), and (4) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing "Confidential Information" to a person described in paragraphs 6(b)(5) - (7), (9) and (10) must first: (i) advise the recipient that the information is "Confidential Information" and may only be used in connection with this action; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

(c)     **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

7.      **Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c)

5

when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with the applicable Court rules.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter

6

make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b) **Return of Confidential Documents.** Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order.

11. **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning

7

Case 6:17-cv-03352-RK   Document 16   Filed 03/06/18   Page 9 of 13

the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable trade secrets or proprietary, personal, confidential, or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

13. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

14. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

8

15.     **Protections Extended to Third-Party's Confidential Information.**  The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties.

16.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

17.     **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be

9

considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return the original documents and any copies thereof to the producing party within thirty (30) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection, upon written request but such return does not preclude the returning party from later moving to compel production of the returned documents or information. The good faith and reasonable disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated:

_____
U.S. District Judge Roseann A. Ketchmark

10

## ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the case captioned, *John T. Artz v. Armstrong Flooring, Inc.*; Case No.

6:17-CV-03352-RK, and attached hereto, understands the terms thereof, and agrees to be bound

by its terms. The undersigned submits to the jurisdiction of the United States District Court for

the Western District of Missouri in matters relating to this Protective Order and understands that

the terms of the Protective Order obligate him/her to use materials designated as Confidential

Information in accordance with the order solely for the purposes of the above-captioned action,

and not to disclose any such Confidential Information to any other person, firm, or concern,

except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____
Signature

Firmwide:153218062.2 092785.1005

11