IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN THOMAS ARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:17-03352-CV-RK |
| | ) | |
| | ) | |
| ARMSTRONG FLOORING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Before the Court is Defendant Armstrong Flooring, Inc. ("Defendant")'s Motion for Leave to Amend its Answer to Plaintiff's First Amended Complaint ("Defendant's Motion"). (Doc. 80.) Suggestions in opposition and reply suggestions were filed. (Docs. 82, 83.) After careful consideration and for the reasons below, Defendant's Motion (Doc. 80) is **GRANTED**.

### Background

Plaintiff John Artz ("Plaintiff") filed this case over the termination of his employment with Defendant, alleging violations of federal and state laws. Defendant now seeks to amend its answer to include the affirmative defense of after-acquired evidence.[1] Defendant argues that it learned, for the first time, at its deposition of Plaintiff on November 29, 2018, new facts that it could not have foreseen prior to the deposition. Specifically, Defendant argues that "Plaintiff admitted for the first time that he forwarded confidential and HIPAA-protected medical information regarding other employees to his private, personal email account . . . . [and] his actions violated both HIPAA and company policy." (Doc. 81 at 2.) Defendant argues that while it was in possession of the emails prior to the deposition, Defendant could not have deduced Plaintiff's misconduct from the emails alone. Therefore, Defendant gained the necessary context at Plaintiff's deposition to submit an affirmative defense of after-acquired evidence.

---

[1] After-acquired evidence is information that an employer learns about an employee after their termination, which, if known at the time of termination, would have been grounds on its own for termination. The National Law Review, *3 Reasons "After-Acquired Evidence" Defense Matters in Your Employment Discrimination Case*, https://www.natlawreview.com/article/3-reasons-after-acquired-evidence-defense-matters-your-employment-discrimination (last visited December 28, 2018).

1

Plaintiff argues amendment is inappropriate because Defendant was provided the relevant emails on April 16, 2018, in response to Defendant's First Request for Production; therefore, Defendant acted with bad faith and undue delay in waiting to file Defendant's Motion until December 14, 2018. Plaintiff also argues Defendant affirms its possession of the relevant emails in a letter June 12, 2018 where "Defendant confirmed in writing that it had already discovered these emails . . . [Defendant] stating Plaintiff violated Defendant's policies by having surreptitiously forwarded himself emails from his AFI email account to his personal account mere days before his termination." (Doc. 82-1 at 8.) Plaintiff also argues he would be unfairly prejudiced by the amendment because "[i]f allowed, Plaintiff would be forced to, *inter alia*, propound and/or conduct additional discovery on, for example, whether Defendant terminates employees solely on the basis of emailing themselves from their work accounts." (Doc. 82 at 3.) Finally, Plaintiff argues amendment is futile as after-acquired evidence is not appropriate in this situation because Plaintiff's conduct in emailing himself was not so severe that it would have resulted in his termination on those grounds alone. *See Harris v. Dinesh Chand*, 506 F.3d 1135, 1139 (8th Cir. 2007) (to submit after-acquired evidence, "the employer must establish that the wrongdoing was of such severity that the employee would have been terminated on those grounds alone") (citation and internal quotations omitted)).

## Standard of Review

Here, the operative scheduling order does not provide a deadline for amendment of pleadings and instead allows for amendment of pleadings with leave of court. (Doc. 70.) Fed. R. Civ. P. 15(a) applies to the filing of amended answers, and it provides that a party may amend its pleading only with the nonmoving party's written consent or the Court's leave, and "the court should freely give leave when justice so requires." *Hoellering v. Nordyne, Inc.*, 202 F.R.D. 259, 260 (W.D. Mo. July 12, 2001); Fed. R. Civ. P. 15(a)(2). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). Further, "denial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001).

**Discussion**

The Court finds good cause exists to allow Defendant to amend its answer. Defendant acted diligently and without undue delay in filing its motion. At Plaintiff's deposition, Defendant gained the context necessary to submit an affirmative defense of after-acquired evidence. After learning this evidence at Plaintiff's deposition, Defendant filed the instant motion on December 14, 2018, only fifteen days after Plaintiff's deposition. While the Court will not opine as to whether this affirmative defense will succeed, the Court finds that allowing Defendant leave to amend its answer to add this affirmative defense is not futile because a successful after-acquired evidence defense may reduce damages at trial. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 361-62 (1995). Next, Defendant did not act in bad faith because Defendant could not have included this after-acquired affirmative defense prior to conducting Plaintiff's deposition. Defendant asserts it could not have moved for leave to amend on the emails alone and needed Plaintiff's testimony and admission before it had a cognizable affirmative defense. The deposition provided Plaintiff's admission that he had no business explanation for sending the emails to his personal email account and conceded his actions violated HIPAA and Defendant's policies. Finally, although Plaintiff argues allowing Defendant to amend its answer will force the parties to conduct additional discovery, there is sufficient time to allow for additional discovery. The discovery deadline is April 17, 2019, over four months from the date of this Order.

Therefore, because the Court finds the after-acquired evidence affirmative defense could not have reasonably been added prior to Plaintiff's deposition, and because Defendant acted promptly after discovering the evidence, Defendant shall be allowed to amend its answer to add this affirmative defense. *See Hoellering*, 202 F.R.D. at 261 (the court allowed the defendant to amend its answer to add the affirmative defense of after-acquired evidence for evidence obtained during a deposition because the motion was filed immediately after discovering the evidence and the defendant could not reasonably have submitted this defense prior to the deposition and pleading amendment deadline).

## Conclusion

Accordingly, Defendant's Motion for Leave to Amend its Answer to Plaintiff's First Amended Complaint (Doc. 80) is **GRANTED**. Defendant shall have ten days from the date of this Order to file its Amended Answer.

**IT IS SO ORDERED**.

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: January 2, 2019